**BORGERSEN v. THE ABU et al.**

No. 19980.

United States District Court
E. D. New York.

May 3, 1954.

O'Connor & Randolph, New York City, for libelant, by A. J. Randolph, New York City, for the motion.

Alexander & Ash, New York City, for respondent-impleaded, by Edward Ash, New York City, in opposition.

RAYFIEL, District Judge.

The libelant moves, pursuant to Rule 32 of the Admiralty Rules, 28 U.S.C.A., for discovery and inspection of certain documents and statements set forth in the notice of motion, in the possession of the respondent-impleaded.

The respondent-impleaded has consented to the following items: "1"; "2"; "3"; except as to the names of the employees engaged in the work; "5", except as to the "correspondence."

It objects to item "4", which seeks copies of statements concerning the accident obtained by the respondent-impleaded or its insurance carrier, and item "6", which seeks payroll records of the libelant, while employed by respondent-impleaded, indicating periods of employment and gross and net earnings.

As to item "3", I believe the libelant is entitled to the names of the employees engaged in the work being done in and about the engine room, where the libelant was injured, at the time he sustained his injuries so that he may have an opportunity to take their depositions.

As to item "5", I agree with counsel for the respondent-impleaded that the libelant is entitled only to medical *reports* to which, as to that item, he will be limited.

As to item "4", Admiralty Rule 32 provides, as does Civil Rule 34, 28 U.S.C.A., that discovery will be granted only upon a showing of good cause. I do not believe that the affidavit submitted herein satisfies that requirement. There is nothing in the affidavit to show that the libelant has been unable to take the depositions of witnesses because of their unavailability or for other reasons.

The respondent-impleaded is directed to disclose the names and addresses or persons from whom it has taken state-

ments and reports so that the libelant may, if he wishes, take their depositions. Item "4" is therefore denied without prejudice to renew the same on a showing of good cause.

Item "6" is granted to the extent of requiring the respondent-impleaded to produce the payroll records requested for the period of 3 years prior to the accident.

Settle order on notice.